# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO,
# WESTERN DIVISION

| | | |
|---|---|---|
| Christopher Hicks, | : | |
| | : | Case No. 1:20-cv-00680 |
| Plaintiff, | : | |
| | : | Judge Matthew W. McFarland |
| | : | |
| D. Vincent Faris, *et al.*, | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| Defendants. | : | |

### ANSWER OF DEFENDANT OHIO ATTORNEY GENERAL DAVE YOST

By and through counsel, Defendant Ohio Attorney General Dave Yost responds and answers Plaintiff's Complaint for Declaratory and Injunctive Relief as follows:

## INTRODUCTION

1. As to Paragraph 1, the cited statute speaks for itself. Further, this Paragraph contains legal conclusions to which no response is required. Any remaining allegations are denied due to lack of knowledge.

2. As to Paragraph 2, Defendant denies that the challenged statute is unconstitutional. Further, this Paragraph consists of legal conclusions to which no response is required.

3. As to Paragraph 3, Defendant denies that the challenged statute is unconstitutional. Further, this Paragraph consists of legal conclusions to which no response is required. To the extent an answer is required, Defendant denies same.

4. As to Paragraph 4, Defendant denies that the challenged statute is unconstitutional. Further, this Paragraph consists of legal conclusions to which no response is required. To the extent an answer is required, Defendant denies same.

5. As to Paragraph 5, Defendant denies that the challenged statute is unconstitutional. Further, this Paragraph consists of legal conclusions to which no response is required. To the extent an answer is required, Defendant denies same.

## JURISDICTION

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent an answer is required, Defendant denies same.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent an answer is required, Defendant denies same.

8. Paragraph 8 contains legal conclusions to which no response is required. Any remaining allegations are denied for lack of knowledge.

## PARTIES

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and, said allegations are, therefore, denied.

10. As to Paragraph 10, Defendant admits that Defendant D. Vincent Faris is the Prosecuting Attorney for Clermont County, Ohio and that he has authority to initiate and pursue prosecutions within that jurisdiction. Further answering, this Paragraph contains legal conclusions to which no response is required. Any remaining allegations are denied due to lack of knowledge.

11. As to Paragraph 11, Defendant admits that he is the Attorney General of the State of Ohio and that he is sued in his official capacity only. Further answering, this Paragraph contains legal conclusions to which no response is required.

## STATEMENT OF FACTS

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent an answer is required, Defendant denies same.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent an answer is required, Defendant denies same.

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent an answer is required, Defendant denies same.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent an answer is required, Defendant denies same.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent an answer is required, Defendant denies same.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent an answer is required, Defendant denies same.

18. As to Paragraph 18, Defendant denies that the challenged statute is overly broad. Further this Paragraph contains legal conclusions to which no response is required. To the extent an answer is required, Defendant denies same.

## A. THE OHIO STATUTE

### 1. Ohio Rev. Code § 2917.21(A)(5): Telecommunications Harassment

19. As to Paragraph 19, Ohio Rev. Code § 2917.21(A)(5) speaks for itself. Further, this Paragraph contains legal conclusions to which no response is required. To the extent an answer is required, Defendant denies same.

20. As to Paragraph 20, Ohio Rev. Code § 2917.21(A)(5) speaks for itself. Further, this Paragraph contains legal conclusions to which no response is required. To the extent an answer is required, Defendant denies same.

21. As to Paragraph 21, Ohio Rev. Code § 2917.21(A)(5) speaks for itself. Further, this Paragraph contains legal conclusions to which no response is required. To the extent an answer is required, Defendant denies same.

22. As to Paragraph 22, Ohio Rev. Code § 2917.21 speaks for itself. Further, this Paragraph contains legal conclusions to which no response is required. To the extent an answer is required, Defendant denies same.

23. As to Paragraph 23, Ohio Rev. Code § 2917.21(A)(5) speaks for itself. Further, this Paragraph contains legal conclusions to which no response is required. To the extent an answer is required, Defendant denies same.

24. As to Paragraph 24, Ohio Rev. Code § 2917.21(A)(5) speaks for itself. Further, this Paragraph contains legal conclusions to which no response is required. To the extent an answer is required, Defendant denies same.

25. As to Paragraph 25, Ohio Rev. Code § 2917.21(A)(5) speaks for itself. Further, this Paragraph contains legal conclusions to which no response is required. To the extent an answer is required, Defendant denies same.

26. As to Paragraph 26, Ohio Rev. Code § 2917.21(A)(5) speaks for itself. Further, this Paragraph contains legal conclusions to which no response is required. To the extent an answer is required, Defendant denies same.

27. As to Paragraph 27, Ohio Rev. Code § 2917.21(A)(5) speaks for itself. Further, this Paragraph contains legal conclusions to which no response is required. To the extent an answer is required, Defendant denies same.

28. As to Paragraph 28, Ohio Rev. Code § 2917.21(A)(5) speaks for itself. Further, this Paragraph contains legal conclusions to which no response is required. To the extent an answer is required, Defendant denies same.

### 2. The Zurmehly Offense Report

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 29, and said allegations are, therefore, denied.

30. Defendant admits the allegations set forth in Paragraph 30.

31. Defendant denies the allegations set forth in Paragraph 31.

32. Defendant admits that Plaintiff sent a request to Treasurer Zurmehly by email and that Treasurer Zurmehly informed Plaintiff via email that "This is not a county matter. Please do not use this email for any requests other that County Treasurer business." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32, and said allegations are, therefore, denied.

33. Defendant admits that Plaintiff sent an email to Treasurer Zurmehly at her publicly provided email address and that Treasurer Zurmehly responded "Please remove my County email address from these emails that do not concern official county business!" Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33, and said allegations are, therefore, denied.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 34, and said allegations are, therefore, denied.

35. Defendant admits that on three occasions April 6, 2020, April 19, 2020, and April 21, 2020, Hicks sent email communications to Treasurer Zurmehly's publicly provided government email address. Defendant is without knowledge or information sufficient to form a belief about the

5

truth of the remaining allegations set forth in Paragraph 35 of the Complaint and therefore denies the same.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 36, and said allegations are, therefore, denied.

37. Defendant admits that Treasurer Zurmehly contacted the Clermont County Sheriff's Office on April 22, 2020 regarding filing a complaint under the Ohio Telecommunications Harassment statute. The remaining allegations in Paragraph 37 state legal conclusions to which no response is required. To the extent an answer is required, Defendant denies same.

38. Defendant admit the allegations in Paragraph 38 are detailed in Detective Sergeant Bernard Boerger's completed offense report.

39. Defendant admits that the investigation of this matter was turned over the Ohio Attorney General's Office.

40. Defendant admits an interview of Plaintiff was conducted by Special Agent Ryan Scheiderer on August 18, 2020. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40, and said allegations are, therefore, denied.

41. Defendant admits an interview of Plaintiff was conducted by Special Agent Ryan Scheiderer on August 18, 2020. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41, and said allegations are, therefore, denied.

42. Defendant denies the allegations set forth in Paragraph 42.

### 3. Hicks Reasonably Fears Prosecution

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 43, and said allegations are, therefore, denied.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 44, and said allegations are, therefore, denied.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 45, and said allegations are, therefore, denied.

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 46, and said allegations are, therefore, denied.

47. Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 47, and said allegations are, therefore, denied.

48. Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 48, and said allegations are, therefore, denied.

49. Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 49, and said allegations are, therefore, denied.

50. Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 50, and said allegations are, therefore, denied.

## CAUSES OF ACTION

**Claim One:**

**Violation of First Amendment Rights**

51. To the extent Paragraph 51 reincorporates other paragraphs of the Complaint, all defenses and averments of lack of knowledge or information are specifically incorporated by reference.

52. As to Paragraph 52, Defendant denies that Ohio Rev. Code § 2917.21(A)(5), is unconstitutional. Further, this Paragraph contains legal conclusions to which no response is required. To the extent that an answer is required, Defendant denies same.

   52A. Defendant denies the allegations set forth in paragraph 52A of the complaint.

52B. Defendant denies the allegations set forth in paragraph 52B of the complaint.

52C. Defendant denies the allegations set forth in paragraph 52C of the complaint.

52D. Defendant denies the allegations set forth in paragraph 52D of the complaint.

52E. Defendant denies the allegations set forth in paragraph 52E of the complaint.

52F. Defendant denies the allegations set forth in paragraph 52F of the complaint.

52G. Defendant denies the allegations set forth in paragraph 52G of the complaint.

52H. Defendant denies the allegations set forth in paragraph 52H of the complaint.

52I. Defendant denies the allegations set forth in paragraph 52I of the complaint.

52J. Defendant denies the allegations set forth in paragraph 52J of the complaint.

53. Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 53, and said allegations are, therefore, denied.

54. Defendant denies the allegations set forth in paragraph 54 of the complaint.

55. Defendant denies the allegations set forth in paragraph 55 of the complaint.

**Claim Two:**

**Violation of the Ohio Constitution**

55. To the extent Paragraph 55 reincorporates other paragraphs of the Complaint, all defenses and averments of lack of knowledge or information are specifically incorporated by reference.

56. To the extent Paragraph 56 reincorporates the allegations made in Paragraphs 51 through 55, all defenses and averments of lack of knowledge or information are specifically incorporated by reference. Further answering, Defendant specifically denies that Ohio Rev. Code § 2917.21(A)(5) is unconstitutional.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**

1. Defendant denies all allegations set forth in the Prayer for Relief and specifically denies

that Plaintiff is entitled to any relief.

2. In response to the Demand for Relief, Defendant asks for judgment in his favor and denies that Plaintiff is entitled to any relief.

3. Any allegations contained in any titles or section headers are denied.

4. Defendant denies any and all allegations of the complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. This Court lacks subject matter jurisdiction over Plaintiff's case.

### SECOND DEFENSE

2. Venue is improper for this matter.

### THIRD DEFENSE

3. Plaintiff lacks standing to bring this complaint.

### FOURTH DEFENSE

4. Plaintiff fails to state a claim upon which relief can be granted.

### FIFTH DEFENSE

5. Plaintiff has not been deprived of any federal constitutional or statutory rights.

### SIXTH DEFENSE

6. Plaintiff's actions did not constitute constitutionally protected conduct.

### SEVENTH DEFENSE

7. The challenged laws do not violate the United States Constitution.

### EIGHTH DEFENSE

8. The challenged laws do not violate the Ohio Constitution.

### NINTH DEFENSE

9. Plaintiff is unable to establish the elements required for facial relief.

### TENTH DEFENSE

10. The challenged laws are supported by substantial state interests.

### ELEVENTH DEFENSE

11. The challenged laws are sufficiently tailored to meet constitutional scrutiny.

### TWELFTH DEFENSE

12. Plaintiff is unable to establish the elements required for injunctive relief.

### RESERVATION OF ADDITIONAL DEFENSES

13. Defendant reserves the right to supplement his Answer with additional defenses, including affirmative defenses, as litigation in this matter proceeds.

Thus, having fully answered Plaintiff's Complaint, Defendant requests that this Court dismiss Plaintiff's claims, with prejudice, and that Plaintiff be awarded no relief, no costs, and no fees.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Margaret S. Moore*
MARGARET S. MOORE (0096813)
DANIEL J. BENOIT (0086833)*
*Counsel of Record*
Assistant Attorneys General
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
Tel: (614) 644-7657; Fax: (614) 442-7732
Daniel.Benoit@ohioattorneygeneral.gov
Margaret.Moore@ohioattorneygeneral.gov
*Counsel for Defendant Ohio Attorney General Dave Yost*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2020, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

<i>/s/ Margaret S. Moore</i><br>
Margaret S. Moore (0096813)<br>
Assistant Attorney General