**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CHRISTOPHER HICKS,

    Plaintiff,

v.

D. VINCENT FARIS, et al.,

    Defendants.

Case No. 1:20-cv-680

McFarland, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

The above-captioned case has been referred to the undersigned magistrate judge for initial consideration and disposition of all pretrial motions other than those filed under Rule 56, Fed. R. Civ. P. (Doc. 3). Currently pending before the Court is a motion for sanctions filed by Plaintiff against Defendant Yost, pursuant to Rule 11, Fed. R. Civ. P., as well as two non-dispositive motions.[1] For the reasons stated, Plaintiff's motion for sanctions should be DENIED.

**I.    Background**

Plaintiff, a self-described political watchdog and member of the Central and Executive Committee of the Clermont County Republican Party, filed this lawsuit to challenge the constitutionality of a subsection of Ohio's telecommunications harassment statute, Ohio R.C. § 2917.21(A)(5). Discovery closed on July 30, 2021, but on September 2, 2021, Plaintiff moved to reopen discovery.

---

[1] Motions filed under Rule 11 are considered to be dispositive. *See Bennett v. General Caster Serv.,* 976 F.2d 995, 997 (6th Cir.1992). The undersigned has addressed the non-dispositive motions by separate Memorandum Order filed this same day.

1

Both Defendants filed responses in opposition to the motion to reopen discovery, in which they discussed various factors used to determine whether to modify a scheduling order, including but not limited to the factor of whether the moving party was "dilatory."[2] In his reply memorandum, Plaintiff strongly objected to Defendant Yost's characterization of his counsel's conduct in discovery as "dilatory." In addition to refuting that characterization in his reply memorandum, Plaintiff has filed a separate motion seeking Rule 11 sanctions against Defendant Yost.

## II.   Analysis

With few exceptions, Rule 11 requires every paper filed with this Court to be signed by an attorney of record, or by a party personally if he or she is unrepresented.[3] Among other things, the signature "certifies that to the best of the person's knowledge, information, and belief, formed after any inquiry reasonable under the circumstance… [that] the factual contentions have evidentiary support…." Rule 11(b)(3), Fed. R. Civ. P. An attorney who signs a document that misrepresents the facts may be subject to sanctions under Rule 11(d).

Plaintiff argues that Defendant Yost's responsive memorandum violates Rule 11(b), because it "fundamentally misrepresent[] Hicks' actions during the discovery period." (*Id*. at 3, PageID 132). In addressing the factor of "whether Plaintiff was dilatory," Defendant's response in opposition to Plaintiff's motion to reopen discovery first admits that the factor "is largely inapplicable in this instance." (Doc. 27 at 5, PageID 103). Rather than stopping there, however, Defendant goes on:

---

[2]In a separate Memorandum Order analyzing the same factor but ultimately denying the motion to reopen discovery, the undersigned concluded that Plaintiff was not dilatory.
[3]Subsection (d) of Rule 11, Fed. R. Civ. P. specifically excludes "disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37."

2

> Defendant Yost does note, however, that Plaintiff was dilatory with respect to the only deposition he took in this case as Plaintiff did not depose Treasurer Zurmehly until August 3, 2021, after the discovery period closed. Plaintiff now seeks leave to take two additional depositions when he did not take any during the entire discovery period. That does not demonstrate diligence on his part.

*Id.*

Plaintiff argues that the above statements constitute a misstatement of fact – not so much for what Defendant Yost says, but for what Defendant leaves out. The complete record reflects that Plaintiff initially contacted counsel for Defendants on June 7, 2021, well before the expiration of the July 30, 2021 discovery deadline, to schedule the Zurmehly deposition. After counsel received no response, she reached out again. Eventually, following a conference call among all counsel and at Zurmehly's request, the deposition was set for July 23, 2021. However, after a new attorney began representing Zurmehly individually for purposes of that deposition, that attorney requested a postponement. As a courtesy to Zurmehly and her counsel, Plaintiff's counsel agreed to continue the date. Due to other scheduling conflicts, all counsel agreed to continue the deposition to August 3, 2021, notwithstanding the fact that the date fell just outside the Court's deadline. Plaintiff urges this Court to sanction Defendant Yost's counsel "for misrepresenting Hicks' diligence with regard to taking Ms. Zurmehly's deposition in this case," based upon the full record that arguably shows that Plaintiff was not dilatory, but merely "civil and professional." (Doc. 31 at 5, PageID 134). According to Plaintiff, Defendant is "entirely disingenuous" for "suggest[ing] that Hicks was dilatory in taking depositions in this case." (Doc. 31 at 4, PageID 133).

In his response to Plaintiff's Rule 11 motion, Defendant Yost first points out minor factual misstatements made in Plaintiff's own Rule 11 motion. For example, the motion

3

references "the attached Declaration of Christopher Hicks" when in fact the attached Declaration is that of Plaintiff's Counsel. In addition, while the objectionable statements on which the motion is based were contained in a memorandum signed by Assistant AG Caitlyn Johnson with Margaret S. Moore identified as co-counsel, Plaintiff erroneously served the Rule 11 motion on an assistant solicitor general to the *New York* Attorney General, albeit with a cc to the correct Ms. Moore. Finally, the Rule 11 motion states that "Yost's counsel <u>did not respond</u> and did not take any corrective action," in response to Plaintiff's counsel's request that the AG withdraw the offending statements. (Doc. 31 at 4, PageID 133) (emphasis added). However, as reflected in the attached Declaration, defense counsel clearly did respond via email "that they had received the Motion for Sanctions and would not withdraw the challenged portions of the filing." (Doc. 31-1 at ¶ 12, PageID 139).

After denigrating the "sloppiness" of the Rule 11 motion, Defendant Yost turns to its substance. Here, Defendant doubles down, defending his characterization of Plaintiff's discovery conduct as entirely fair argument, as opposed to a misstatement of fact. (Doc. 32 at 2, PageID 142). "To be clear, the Ohio Attorney General's Office stands by its characterization that Plaintiff was dilatory…." (*Id*. at 3, PageID 143). Defendant argues that the representation was fair because Plaintiff's counsel waited nearly six months after entry of the discovery order "to even attempt to schedule" the Zurmehly deposition, and waited two more weeks to follow up after Defendants failed to respond to her initial request. Defendant emphasizes that because Zurmehly is not a party, "Plaintiff could have simply issued her a subpoena to sit for a deposition." (*Id*.)

Having examined the record, the undersigned does not agree that the AG fairly characterized Plaintiff counsel's conduct during discovery in this case as dilatory. As Plaintiff points out, it is customary to schedule depositions after document discovery, and Defendants delayed that. Plaintiff's reply underscores the extent to which any delays in this case were occasioned by Plaintiff's counsel's very reasonable efforts to accommodate the schedules of defense counsel and counsel for Ms. Zurmehly. (Doc. 43). And Defendant Yost's suggestion that Plaintiff should have issued a subpoena for the deposition of this critical witness rather than working with the schedules of all parties and counsel is abhorrent to this Court. Such conduct should be a last resort, not a first option.

Despite the undersigned's strong disagreement with defense counsel's position in this case, and in the exercise of judicial discretion, the undersigned recommends the denial of Rule 11 sanctions. However misguided, at the end of the day, the argument that Plaintiff's counsel was "dilatory" is – well – legal argument, not fact. The only facts stated in Defendant's responsive memorandum were that Plaintiff took only one deposition, and that the date of that deposition fell outside the discovery period. Those facts were accurate. Thus, Defendant made no affirmative factual misrepresentation – only an implicit misrepresentation and somewhat disingenuous argument based on the omission of relevant facts. The omitted facts were fairly obvious and this Court was never actually misled. Still, the argument strays uncomfortably close to the line. The undersigned therefore cautions defense counsel to avoid overzealous representation of one's client to the detriment of counsel's duties as an officer of the Court. Civility, honesty

with opposing counsel and with the Court, and zealous representation on behalf of one's client should not be in conflict.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED** that Plaintiff's motion for Rule 11 sanctions (Doc. 31) be DENIED.

<u>s/ Stephanie K. Bowman</u><br>
Stephanie K. Bowman<br>
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER HICKS,

    Plaintiff,

v.

D. VINCENT FARIS, et al.,

    Defendants.

Case No. 1:20-cv-680

McFarland, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).